Princess SIMMONS, Appellant,

v.

CENTRAL CHARGE SERVICE, INC.,
Appellee.

No. 5300.

District of Columbia Court of Appeals.

Argued Sept. 15, 1970.

Decided Oct. 21, 1970.

Noel H. Thompson, Arlington, Va., with whom Paul L. Pascal, Washington, D. C., was on the brief, for appellant.

David G. Bress, Washington, D. C., for appellee.

Before FICKLING, KERN and NE-BEKER, Associate Judges.

KERN, Associate Judge:

On January 26, 1970, appellant filed a complaint in the trial court to recover from appellee

> * * * all interest paid by her and persons similarly situated * * * as authorized and provided for by 12 U.S.C. §§ 85 and 86 [1] and 28 D.C.C. § 3304 [2] by reason of charging greater interest on its accounts than is authorized by 28 D.C.C. § 3303 [3] and seeking also the remedies of 28 D.C.C. § 3303.

Appellant in her prayer for relief asked the court to rule that her action was a class action and to enter a declaratory judgment that she and members of the class might recover "all future usurious interest" which appellee might charge.

Appellant attached to her complaint a Central Charge statement dated October 23, 1969, to show that "defendant (appellee) charges 18% interest per annum on amounts of average daily balance up to $500, and 12% interest per annum on amounts of average daily balance over $500, both of which are in excess of the interest permitted to be charged by 28 D.C.C. § 3303." She did not allege nor did the statement otherwise show that it was her account with appellee.

Appellee moved to dismiss and the court dismissed the complaint after argument because it "fails to state a valid claim for relief and * * * the Court is without jurisdiction because of the amount claimed." The trial court was without jurisdiction to render a declaratory judgment that appellee's "finance charge," computed at an annual rate of either 18% or 12%, exceeds the interest rate which Congress has deemed lawful. Branson v. Harris, D.C.Mun.App., 100 A.2d 38 (1953).

Appellant contends, however, that since her complaint also sought recovery of all usurious interest "paid by her and persons similarly situated" it could and should have been entertained by the trial court. Nowhere in the complaint, however, is there any allegation of facts, such as the kind of agreement she had with appellee, when it was entered into, the amount of principal and interest she had paid, and when the last such payment was made prior to the suit, which are necessary to bring an action under the usury statutes.[4] The Cen-

---

1. 12 U.S.C. §§ 85 and 86 prohibit usury by national banks. Since there is no allegation that appellee is a national bank, these statutory provisions are inapplicable to the instant case.

2. D.C.Code 1967, § 28–3304 provides in pertinent part:
   [i]f a * * * corporation in the District * * * receives a greater amount of interest than is declared by this chapter to be lawful * * * the person or corporation paying the same may within one year after * * * payment sue for and recover the amount of the unlawful interest so paid.

3. D.C.Code 1967, § 28–3303 provides in pertinent part:
   [i]f a person * * * contracts in the District (1) verbally to pay a greater rate of interest than 6 percent per annum, or (2) in writing, to pay a greater rate than 8 percent per annum, the creditor shall forfeit the whole of the interest so contracted to be received.

4. See Earll v. Searl, D.C.Mun.App., 101 A. 2d 248 (1963); Knott v. Jackson, D.C. Mun.App., 31 A.2d 662, 666 (1942), Von Rosen v. Dean, 41 F.2d 982 (D.C.Cir. 1930). Wisconsin v. J. C. Penney Co.,

tral Charge statement to which she referred in her complaint is of no help for nowhere does she allege that such statement represents *her* account.

■ We do not even know from a reading of her complaint the amount of her claim, which is critical to a proper determination of the threshold question of jurisdiction. Goldberg v. Roumel, D.C.Mun. App., 40 A.2d 253, 254 (1944). If her claim was for less than $150 then Congress has declared "the Small Claims and Conciliation Branch has *exclusive* jurisdiction," D.C.Code 1967, § 11–1341 (emphasis supplied), and her action would not lie in the Civil Division of the Court of General Sessions.[5] 1425 F. Street Corp. v. Jardin, D.C.Mun.App., 53 A.2d 278 (1947).

■ Appellant argues that the trial court abused its discretion in not permitting her to amend her complaint, but we find nothing in the record to show that she ever sought leave from the trial court to do so. While we are mindful that courts should be liberal in permitting amendments

of pleadings to the end that a controversy can be adjudged on its merits,[6] we are not persuaded that this case calls for an exercise of discretion now to permit amendments.[7] *Cf.* Germaine v. Cramer, D.C. Mun.App., 65 A.2d 573 (1949). The fact that this may have been a class action, which raises procedural questions of above-average complexity in preparing pleadings, *see* Dolgow v. Anderson, 43 F.R.D. 472 (1968), Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42 (1966), does not in our view excuse her failure to allege the rudimentary facts which would have established that a justiciable case or controversy exists and enable the proper tribunal to take jurisdiction.

In essence, what we have before us, and the trial court had before it, is an earnest request for an advisory opinion that appellee's finance charge of 18% or 12%, as the case may be, is usurious and should cease. We decline to issue such a ruling in the abstract without some allegation of material facts.

Affirmed.

---

No. 125–287 (Wisc.Cir.Ct., April 22, 1969), cited by appellant, does not constitute authority in contradiction to the above cases which hold that a complainant under our usury statutes must allege that he has paid the debt.

5. Appellant argued in this connection that all members of the alleged class which she represents can aggregate their claims and thereby she can attain jurisdiction in the civil division of the General Sessions Court. *But see* Snyder v. Harris, 394

U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Miller v. Woods, 87 U.S.App. D.C. 324, 185 F.2d 499 (1950).

6. *See* Taylor v. Beckas, 137 U.S.App.D.C. 417, 424 F.2d 905 (1970).

7. Dismissal of appellant's complaint for lack of jurisdiction and failure to state a cause of action will not, of course, prejudice her should she file a new complaint with proper jurisdictional allegations. Mitchell v. David, D.C.Mun.App., 52 A. 2d 125 (1947).