**IMPERIAL VEAL & LAMB CO., INC., Plaintiff,**

v.

**CARAVAN REFRIGERATED CARGO, INC., Defendant.**

**No. 80 Civ. 4817 (PNL).**

United States District Court, S.D. New York.

March 31, 1982.

**500**

Jerome M. Luks, Sahn, Shapiro & Epstein, New York City, for plaintiff.

Charles O'Neill, Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant.

LEVAL, District Judge.

This litigation arises out of a trucking contract between Imperial Veal and Lamb Company, Inc., the plaintiff shipper, and Caravan Refrigerated Cargo, Inc., the defendant carrier, for the transport of 49,889 pounds of veal consigned to Trinity Valley Foods in Paris, Texas. On June 3, 1980, defendant's truck arrived at plaintiff's premises in New York with insufficient hooks to hang the meat; plaintiff stacked the meat on the floor of the truck. The bill of lading stated that the meat was received "in apparent good condition" and was to be maintained at a temperature below 30 degrees Fahrenheit.

Defendant's truck arrived at the cargo destination a day later than specified in the bill of lading; when the truck was opened, the veals had deteriorated. It was described as "slimy" and "discolored." An inspector of the United States Department of Agriculture (USDA) examined 20 random samples, found 18 to be unacceptable, and 2 "marginally acceptable." He recorded the temperature of the various pieces of meat to be between 36 and 50 degrees Fahrenheit. Trinity Valley rejected delivery and telephoned Imperial Veal for instructions on salvaging the meat. The USDA condemned 14,558 pounds; the remainder was reconditioned under federal supervision and sold as trimmings. Plaintiff brought this action alleging breach of the contract of carriage and negligence.

Plaintiff moves for summary judgment. Defendant contends that plaintiff has not established the veal was in good condition prior to loading, that the method of loading was improper, and that plaintiff has not established the unacceptable condition of all the meat on arrival. None of these contentions has merit. Defendant has failed to assert evidence which would show a genuine issue exists for trial.

■ Plaintiff has submitted the deposition testimony of its general manager, Blumberg, that the veal was in good condition when loaded on defendant's truck. Blumberg testified that the entire process—slaughter, fabrication of the meat, and loading—was performed under federal inspection. Defendant issued a clean bill of lading that the veal was received in "apparent good order." Defendant has presented no evidence that undermines, counters, or contradicts plaintiff's proof. It contends that plaintiff has failed to meet its burden of establishing the good condition. Mere allegations or denials are insufficient to defeat a motion for summary judgment on a prima facie showing. See Fed.R.Civ.P. 56(e).

■ Caravan seeks to assert two defenses to liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11) (1976). The first is that the damage was caused by an inherent vice in the goods. As noted above, plaintiff has shown, and defendant has not cited evidence to contradict, that the meat was in good condition when it was loaded. Defendant has therefore failed to demonstrate any triable issue of fact as to "inherent vice."

Defendant then contends that Imperial improperly loaded the meat and that the method of loading caused the spoilage. A carrier is not liable for damage caused by the act of the shipper. *See Missouri Pacific R. Co. v. Elmore & Stahl,* 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). Defendant contends that floor stacking is a method of loading that may have contributed to the deterioration of the veal. Since Imperial loaded the meat, Caravan argues that it should not be liable. Plaintiff presented the testimony of Blumberg, Trinity Valley employees and a federal inspector, all of whom testified at their depositions that floor stacking is an acceptable and common manner of loading meat for transport. Defendant has presented nothing to the contrary except an attorney's affidavit that the defendant would call an expert witness to testify that floor stacking was a "competent producing cause" of the condition of the veal on arrival. The affidavit does not address, and defendant has not contested, the excessively high temperature of the meat on arrival. Rule 56(e) and countless authoritative cases require a party defending against a motion for summary judgment to show that there is a triable issue of fact. An attorney's affidavit that he intends to call an expert is not sufficient. This affidavit does not even set forth a summary of the expert's testimony in a manner that would satisfy Rule 26(b)(4). It merely asserts a conclusion. Such an affidavit is not sufficient to oppose summary judgment where the moving party's evidence establishes entitlement to judgment.

The defendant also argues that plaintiff has not established the unacceptable condition of all the meat on arrival. At least absent evidence to the contrary, proof by statistical sampling is adequate to make a prima facie case. Defendant has offered no proof that any of the meat was in good condition. Plaintiff's motion for summary judgment is granted with respect to the liability of the defendant.

As to the amount of damages I defer entering judgment pending submission of further proofs. Plaintiff has not responded to defendant's contention that unpaid freight charges are included in plaintiff's calculation of damages. The plaintiff shall submit papers on this issue by April 15, 1982. The defendant shall respond by April 22, 1982.

SO ORDERED.