Queen E. THOMPSON, Appellant,

v.

SETON INVESTMENTS, Appellee.

No. 85–1319.

District of Columbia Court of Appeals.

Submitted Sept. 9, 1987.

Decided Nov. 25, 1987.

James E. Joyner, Washington, D.C., was on the brief, for appellant.

Douglas L. Lashley, Bethesda, Md., was on the brief, for appellee.

Before BELSON, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellant Queen E. Thompson appeals from a grant of summary judgment on the grounds that the amended complaint failed to state a cause of action and there were no disputed issues of fact. We reverse and remand.

**I**

By amended and verified complaint, Thompson sought a declaratory judgment that the $42,000 loan she had obtained from appellee, Seton Investments ("Seton"), violated the Interest Rate Ceiling Amendment Act, D.C.Code § 28–3301 *et seq.* (1986 Supp.) ("Act"). She alleged that Seton knew she intended to use the loan for residential purposes, but that Seton forced her to stipulate that the loan was for a commercial purpose, in violation of D.C.Code § 28–3301(d)(3). Under D.C.Code § 28–3301(d)(1)(B), loans for a commercial purpose are exempt from the Act. Thompson alleged that the deed of trust provided for an additional two percent fee per month —or twenty-four percent annually—for late installments, in violation of § 28–3310(b)(3)'s ceiling of five percent.[1] She stated that Seton was attempting to foreclose on her property for failure to pay

---

1. Thompson actually cited § 28–3311(b)(3), but her allegations concerning excessive late charges and a quick look at the statute clearly show that she intended to maintain an action under § 28–3310(b)(3) and that her citation was a typographical error.

these late fees in the amount of $1,680. Accompanying the original verified complaint was a copy of the deed of trust[2] and a copy of the notice of forfeiture.[3]

Seton filed a motion for judgment on the pleadings, to which was attached, among other documents, a copy of the notice and a notarized statement by Thompson that the proceeds of the loan would be used for commercial purposes in her business. Seton stated that Thompson had granted a deed of trust on her home in order to obtain working capital for her business. The attached statement was a handwritten memorandum from Thompson stating that the money would be used as working capital for her lounge at 2840 Alabama Ave., S.E., Washington, D.C. Seton also included Thompson's 1982 corporate tax return in order to show that the 1984 loan was for a business purpose.

Thompson responded with an opposition to the motion, which was accompanied by a memorandum, a statement of material facts in issue, and copies of the note, settlement statement, and two documents designated "Assignment of Funds." In her statement of material facts, Thompson also alleged for the first time that she had been charged an excessive loan origination fee ($4,200) that had not been paid in exchange for a lower overall interest rate (18%). *See* D.C.Code § 28–3301(e)(1) & (2) (1986 Supp.). As in her complaint, she also made the following allegations:

12. Defendant required plaintiff to make a sworn statement that the loan meets the requirement as a loan for business or commercial purposes when defendant knew or should have known that plaintiff did not own a business and the loan was being used to pay off creditors, liens, judgments and other debts of the plaintiff.

13. Plaintiff intended and in fact used the proceeds from the loan to pay Mr. Raymond Branch $10,000; D.C. Tax liens

$6,117.46; Houston, Sullivan and Gardner $2,370.00; real estate taxes, Capitol Title Insurance Agency, Inc. $5,390.00 to pay off judgments. Said amounts total more than one of the principal amount of the loan of $42,000.00.

14. Plaintiff intended and in fact used the proceeds from the loan for personal purposes as a consumer and not for business and commercial purposes.

15. Defendant required plaintiff to make a sworn statement which defendant knew to be untrue in order for plaintiff to receive the loan from defendant. Such statement is referred to in paragraph 12.

Thompson did not provide supporting affidavits or record citations and her statement was not sworn. The trial court treated the motion as one for summary judgment because of the inclusion of matters outside the pleadings, Super.Ct.Civ.R. 12(c), and granted "judgment as a matter of law because the Plaintiff has failed to state a claim upon which relief can be granted."

Citing *Simmons v. Central Charge Service, Inc.*, 269 A.2d 850, 851 & n. 4 (D.C.1970), Seton first contends that dismissal is appropriate because Thompson's complaint failed to specify the alleged unlawful interest rates. Such a ruling would be erroneous, however, because the inclusion of materials beyond the pleadings required the judge to treat the motion as one for summary judgment, *Bernay v. Sales*, 435 A.2d 398, 401 (D.C.1981) (per curiam), and this court must apply the same standards as the trial court in reviewing a grant of summary judgment. *Spellman v. American Security Bank*, 504 A.2d 1119, 1122 (D.C.1986) (per curiam). In any event, Thompson's amended complaint exactly specified the challenged late charge and attached a supporting deed of trust. Even if the late charge had not been specified, Thompson's complaint would have been adequate. The allegations that the terms of

---

**2.** Thompson stated that she had not been given a copy of the promissory note.

**3.** The foreclosure was on property located at 4320 21st Street, N.E., Washington, D.C., which is identified in the verified complaint as Thompson's residence. The notice stated that Thompson owed $42,000 in addition to $1,260.00 in interest, $126.00 in late charges, and $1,680.00 in penalties. The amount required to cure default was $3,191.00.

a loan are in excess of explicit statutory limits must be accepted as true, *see Vicki Bagley Realty, Inc. v. Laufer,* 482 A.2d 359, 363–64 (D.C.1984), and are sufficient to inform the defendant of the parameters of the claim. Seton's reliance on *Simmons, supra,* is to no avail. There, the plaintiff alleged only that the lender had charged excessive interest rates to some accounts and did not state that her account was one of those so charged. As such, the *Simmons* court was only presented with a request for an advisory opinion. *Id.* at 852.

Seton bears the burden at summary judgment of making a prima facie showing that there is no genuine issue of fact in dispute and that it is entitled to judgment as a matter of law. If this burden is met, Thompson has to rebut the prima facie showing with specific statements of contested facts and with specific evidence. *Wyman v. Roesner,* 439 A.2d 516, 519 (D.C.1981). Under Super.Ct.Civ.Rules 12–I(k) and 56(e), the failure of a party opposing summary judgment to provide support for contentions of a factual dispute will result in the court's acceptance of a movant's statement as undisputed absent clear support for any such contention from the record. *Williams v. Gerstenfeld,* 514 A.2d 1172, 1176–77 (D.C.1986). Although on summary judgment Thompson is entitled to the benefit of all reasonable inferences, it is her responsibility to argue legal theories and to contest material issues of fact. *Cloverleaf Standardbred Owners Ass'n v. National Bank of Washington,* 512 A.2d 299, 300 & n. 1 (D.C.1986).

## II

■ Thompson made the specific allegation in her statement of material factual issues that Seton knew the loan was for residential purposes, yet made her attest to a commercial purpose in order to procure the loan. Thus, the only issues are, first, whether she has provided adequate support for these allegations, and second, whether Seton is nonetheless entitled to judgment

as a matter of law. As to the first issue, Thompson did not attach an affidavit and her statement cannot serve as such because it is unverified. Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, *by affidavits or as otherwise provided in this Rule,* must set forth specific facts showing that there is a genuine issue for trial." (Emphasis supplied). In her verified complaint, however, Thompson made the same statements concerning Seton's knowledge. Under the circumstances, summary judgment is inappropriate.

The trial court and this court are required to review the record for such supporting evidence. *Cf. Spellman, supra,* 504 A.2d at 1122 (and cases cited). Even though the rules call for the court to be assisted in making its search of the record, the court must necessarily examine the complaint when a motion is made to dismiss under Rule 12 as well as the opposition to the motion for summary judgment and any attachments thereto. Thompson's complaint is sworn and, thus, is tantamount to an affidavit;[4] it contains, among other things, the critical allegation disputing Seton's claims about its knowledge of the purpose of the loan. In the opposition to the motion for summary judgment, Thompson referred to the note, the deed of trust, the foreclosure notice, and her sworn complaint as matters already placed in the record which supported her opposition. She also attached copies of the note, the settlement statement, and papers (albeit undated and unsworn) indicating the assignment of funds to satisfy judgments and liens on her residence. Accordingly, while Seton has introduced substantial evidence of a commercial purpose, we hold that Thompson has done enough to raise a genuine issue of fact. This court has frequently stated that summary judgment should be granted sparingly in cases involving intent. *See id.; see also Nader v. de*

---

4. Super.Ct.Civ.Rule 12–I(k) provides that "[a]ny statement filed pursuant to this section of this Rule shall include therein references to the parts of the record relied on to support such

statement and shall be a part of the record." *See also Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515 (D.C.1985).

*Toledano,* 408 A.2d 31, 44 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

It remains for this court to decide whether, assuming knowledge of a residential purpose, Seton is nonetheless entitled to judgment as a matter of law. This issue is easily resolved. Section 28–3301(d)(1)(B) only offers an exemption if "the loan *is made for the purpose* of acquiring or carrying on a business, professional, or commercial activity." (Emphasis supplied). Under the plain language of the statute, there is no exemption under that subsection if the lender makes the loan for a residential purpose. Moreover, § 28–3301(d)(3) states that "a lender shall not require a borrower to make any sworn statement or characterization that the loan meets the requirements of subsections (d)(1)(A), (B), (C), or (D) of this section if such statement or characterization is not true." These provisions plainly deny exemption from the Act to lenders who know the loan is for consumer purposes regardless of representations to the contrary by the borrower.

There is still the question whether Seton might be entitled to judgment as a matter of law on the ground that the essentially undisputed facts show no violation of the Act. But Seton has only maintained that the loan is exempt from the Act and has never argued in the alternative that the loan satisfies the Act. In any event, there appears to have been a violation. Under the terms of the deed of trust, Thompson is liable for late payments in the amount of two percent of the unpaid balance per month. Section 28–3310(b)(3) provides that "the delinquent or late charge shall not exceed 5 percent of the total amount of the delinquent or late periodic installment of

principal and interest." This section only authorizes a one-time late charge: borrowers can be required to pay up to five percent of any late installment; it does not authorize any additional fees beyond the ordinary interest rate. Under Thompson's contract,[5] she can be charged an additional two percent for every month she is late with any installment. Thus, if the payment is three months late, she can be charged a six percent late fee, which exceeds the amount authorized by the statute. The subsequent two percent charges also cannot be justified as charges for additional tardiness. Section 28–3310(b)(2) specifically provides that "a delinquent or late charge shall not have already been charged for the same delinquent or late periodic installment."

It is premature to address Thompson's additional challenge, raised for the first time in her statement of material facts in dispute, that Seton charged an excessive loan origination fee.[6] *See* D.C.Code § 28–3301(e) (1986 Supp.) ("points"). This claim must be raised in a motion to amend the amended complaint, which is, ordinarily, freely granted. Super.Ct.Civ.R. 15(a). Thompson is free to pursue this course on remand.

*The judgment is reversed and the case is remanded for proceedings consistent with this opinion.*

---

5. In addition to the deed-of-trust late charge, Thompson's promissory note states: "Borrower shall pay to the Note holder a late charge of ten percent of any monthly installment not received by the Note holder within five days after installment is due." This provision violates both § 28–3310(b)(1), which states that the delinquency must continue for at least ten days, and § 28–3310(b)(3), which limits the late charge to five percent of the installment. Thompson has not challenged this provision, however, perhaps because, as alleged, she had not previously been

given a copy of the promissory note. She is, of course, free on remand to move to amend her complaint to include this additional claim.

6. Thompson has erroneously styled her claim by adding the origination fees to the interest rate and arriving at an effective interest rate that exceeds the twenty-four percent ceiling contained in § 28–3301(a). Origination fees are expressly and separately covered, however, in § 28–3301(e)(1).