Toni WOODFOLK, Appellant,

v.

GROUP HEALTH ASSOCIATION, INC., et al., Appellees.

No. 93–CV–571.

District of Columbia Court of Appeals.

Argued April 20, 1994.

Decided July 21, 1994.

Lawrence E. Williams, Jr., Washington, DC, for appellant.

Daniel W. Cotter, Fairfax, VA, for appellee, Group Health Ass'n and Ulla Fortune, M.D.

Daniel C. Costello, with whom Andrew E. Vernick, Annapolis, MD, was on the brief, for appellee, James Graeter, M.D.

Vicki J. Hunt, Fairfax, VA, for appellee, George Washington University.

Johnny M. Howard, Washington, DC, for appellees, Howard University Hosp. and Willie Banks, M.D.

Before TERRY, SCHWELB, and KING, Associate Judges.

SCHWELB, Associate Judge:

■ In this medical malpractice case, the trial court granted summary judgment in favor of the defendants Group Health Association, Inc. and Ulla Fortune, M.D. (collectively GHA), Howard University Hospital and Willie Banks, M.D. (collectively Howard), George Washington University Hospital (GWU), and James Graeter, M.D., because plaintiff Toni Woodfolk failed to identify any expert witness who could support her claims of medical malpractice. On appeal, Ms. Woodfolk contends that there were genuine issues of material fact precluding the entry of summary judgment, both in relation to her claim of abandonment by GHA and with regard to her invocation of the doctrine of *res ipsa loquitur* as to the remaining defendants. We agree with Ms. Woodfolk with respect to the abandonment claim, reverse the judgment in favor of GHA, and remand for further proceedings. We affirm as to the remaining defendants.[1]

---

1. Ms. Woodfolk's case against all of the defendants except GHA was based on the doctrine of *res ipsa loquitur.* In order to invoke that doctrine, Ms. Woodfolk was obliged to establish, *inter alia,* that the harm she suffered ordinarily would not have occurred in the absence of negligence. *Quin v. George Washington University,* 407 A.2d 580, 583 (D.C.1979). Moreover, she was required to proffer expert testimony in support of that proposition. *Harris v. Cafritz Memorial Hosp.,* 364 A.2d 135, 137 (D.C.1976). Although the trial judge gave Ms. Woodfolk ample opportunity to obtain expert witnesses, Ms. Woodfolk failed to do so. Accordingly, summary judgment was properly granted. None of the snippets from the record on which Ms. Woodfolk relies supports the proposition that the injury ordinarily would not have occurred in the ab-

■ Ms. Woodfolk alleged that she broke a bone in her ankle on May 4, 1989. She sought medical care from each of the defendants. She claims that GHA declined to continue to treat her after her insurance lapsed at the end of June, 1989. It was discovered in August, 1989 that a second bone in her ankle was also broken. Ms. Woodfolk's condition deteriorated, and she required corrective surgery and suffered a permanent impairment.

In her complaint, Ms. Woodfolk alleged, among other things, that "plaintiff contacted GHA for follow-up, but GHA declined to see her because her insurance had lapsed." In the trial court, GHA joined in a motion of several defendants for summary judgment. The joint motion was based entirely on Ms. Woodfolk's failure to disclose in timely fashion the identities of her expert witnesses and to state the substance of their anticipated testimony, in violation of Super.Ct.Civ.R. 26(b)(4) and the trial court's scheduling order. GHA made no separate argument, but elected simply to rely on the arguments filed in a separate submission on behalf of Dr. Graeter. Dr. Graeter, however, was not alleged to have abandoned Ms. Woodfolk, and his submission made no mention of plaintiff's abandonment claim. GHA thus provided the court with no legal basis for dismissing that claim. In granting summary judgment, the judge did not mention the issue of abandonment at all.

Ms. Woodfolk testified at her deposition that GHA declined to continue to treat her because she did not have any insurance. To support her contention that GHA violated the standard of care, Ms. Woodfolk proffered in her opposition to the defense motions for summary judgment that

> Dr. Peter I. Kenmore will testify that GHA had a duty to provide ongoing care and treatment of plaintiff once it commenced treatment, and that GHA breached that duty when it failed to provide medical services to plaintiff.

With respect to the issue of causation, Ms. Woodfolk stated:

> Dr. David C. Johnson has opined that plaintiff's permanent injury results from her failure to receive ongoing treatment ... between June 30 and July 24, 1989.

"A physician cannot discharge himself from a case and relieve himself of responsibility for it by simply abandoning it or staying away without notice to the patient." *Rodgers v. Lawson,* 83 U.S.App.D.C. 281, 285, 170 F.2d 157, 161 (1948) (quoting 41 Am.Jur., *Physicians and Surgeons* § 102); *Burroughs v. Crichton,* 48 App.D.C. 596, 602–03 (1919); *see generally Annotation, Liability of physician who abandons case,* 57 A.L.R.2d 432 (1958) (hereinafter *Annotation* ).[2] The abandonment must be at a critical stage of the illness or treatment. *Cox v. Jones,* 470 N.W.2d 23, 26 (Iowa 1991). Generally, the patient's inability or failure to pay does not justify unilateral abandonment by the physician. *Annotation,* 57 A.L.R.2d at 458–59. Expert testimony may or may not be necessary to establish abandonment, depending upon the facts at hand. *Id.* at 444–45; *compare Levy v. Kirk,* 187 So.2d 401, 402–03 (Fla.App. 3d Dist.1966) (per curiam) *with Cox, supra,* 470 N.W.2d at 26–27.

In the present case, the trial judge granted summary judgment in relation to the claim that GHA abandoned Ms. Woodfolk in spite of GHA's failure to address it or to make any argument with respect to it. Specifically, GHA presented nothing to the court which would have tended to show that this was the kind of abandonment case in which expert testimony would be required. Although the proffered statements of the physicians on which Ms. Woodfolk relied were not in affidavit form, *cf.* Super.Ct.Civ.R. 56(e), GHA offered no affidavits or relevant arguments at all. Moreover, the joint motion for summary judgment was grounded on Ms. Woodfolk's failure to respond to a Rule 26(b)(4) inquiry regarding anticipated expert testimony, and that Rule contains no requirement that such

sence of negligence on the part of any one or more of the defendants.

**2.** A physician may, however, withdraw from a case so long as he or she provides the patient with sufficient notice to enable the patient to obtain other medical attention. *See Annotation,* 57 A.L.R.2d at 439–40.

a response include a sworn statement by the expert. We therefore conclude, under the now-familiar standards applicable to motions for summary judgment, *see, e.g. Colbert v. Georgetown University,* 641 A.2d 469, 472 (D.C.1994) (en banc), that the judgment in GHA's favor cannot stand.

For the foregoing reasons, the judgment is reversed as to appellees Group Health Association, Inc. and Ulla Fortune, M.D., and the case is remanded as to those appellees for further proceedings consistent with this opinion. As to the remaining appellees, the judgment is affirmed.

*So ordered.*

TERRY, Associate Judge, concurring:

In my view, this appeal is very close to frivolous. What keeps it from being totally meritless is the fact that, as Judge Schwelb notes in his opinion, Ms. Woodfolk testified *under oath* at her deposition that GHA refused to treat her further because she lacked insurance. GHA did not even attempt to meet this testimony with any affidavits or deposition testimony to the contrary. I agree with GHA's argument that the statements of the physicians which Ms. Woodfolk proffered were insufficient to defeat GHA's motion for summary judgment because those statements were not under oath. *See* Super.Ct.Civ.R. 56(e). Nevertheless, because Ms. Woodfolk herself stated, under oath, that she had been abandoned by GHA, summary judgment was foreclosed. *Cf. Thompson v. Seton Investments,* 533 A.2d 1255, 1257–1258 (D.C.1987) (reversing summary judgment for defendant, even though plaintiff submitted no affidavits in opposition to defendant's summary judgment motion, because plaintiff's *sworn* complaint stated facts sufficient to show there was a genuine issue for trial).

I therefore join in the opinion and judgment of the court.