**Bobby POTTS, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

**No. 94–CV–1499.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1997.

Decided Aug. 7, 1997.

---

Boniface K. Cobbina, Washington, DC, for Appellants.

Dennis J. Sullivan for Appellees George Demarest and District of Columbia.

Thomas L. McCally, with whom Samuel J. Smith was on the brief, Washington, DC, for Appellees Spencer Promotions, Inc. and John Newman.

Before STEADMAN, FARRELL and REID, Associate Judges.

STEADMAN, Associate Judge.

Appellants Bobby Potts and Lou Smalls were injured by gunshots from an unknown

source as they were exiting the Washington Convention Center ("WCC") after attending a boxing event on October 29, 1991. They brought a negligence action against the District of Columbia, George Demarest (as General Manager of the Convention Board), Spencer Promotions, Inc. (the promoter of the boxing match), and John Newman (as President of Spencer Promotions). Summary judgment was granted for Demarest and the District of Columbia on January 27, 1994, and for Spencer Promotions and Newman on October 21, 1994. Both orders dismissed the action for want of evidence supporting a finding of foreseeability under the standard enunciated in *Clement v. Peoples Drug Store,* 634 A.2d 425 (D.C.1993). Appellants contend that summary judgment was improperly granted because (1) there was a genuine issue of material fact regarding the foreseeability of the shooting, and (2) adequate discovery on this issue had not yet been had. We affirm.

### I. Summary Judgment

To prevail upon a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Super. Ct. Civ. R. 56(c); *Young v. Delaney,* 647 A.2d 784, 788 (D.C. 1994). This initial showing can be made by pointing out that there is a lack of evidence to support the plaintiff's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C.1991). The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations contained in its pleadings, but must set forth "specific facts showing that there is a genuine issue for trial." Super. Ct. Civ. R. 56(e); *Smith v. Washington Metro. Area Transit Auth.,* 631 A.2d 387, 390 (D.C.1993) (requiring the non-moving party to "produce enough evidence to make out a prima facie case in support of her claim").

In support of their motions for summary judgment, defendants each furnished affida-

vits averring that they had not been aware, nor had reason to be aware, of any indication that a criminal act would occur at the boxing event that evening. Furthermore, they contended that plaintiffs had presented no evidence whatsoever to establish the foreseeability of the shooting.

■ In opposition to summary judgment, the sole evidence proffered by appellants to show the requisite foreseeability was an unsworn statement by their attorney that he expected to call Robert diGrazia at trial.[1] According to that statement, Mr. diGrazia was "expected to testify regarding the foreseeability of the criminal attack on the plaintiffs at the boxing event staged at the Washington Convention Center on October 29, 1991 and the adequacy of security in the light of that foreseeability." His opinions would be "based upon a review of police crime data, statistics regarding unreported crime, community characteristics, image and reputation of the location, environmental design of the building and the activity itself, i.e., boxing, creating opportunity for crime as well as a review of all records, pleadings, deposition transcripts and interviews with plaintiffs." No further information or data were provided. We agree with the trial court that this proffer was insufficient to defeat summary judgment.

■ We observe at the outset that Rule 56(e) requires that a party opposing summary judgment "set forth by affidavit or in similar sworn fashion specific facts showing there is a genuine issue for trial." *New Places v. Communications Workers,* 619 A.2d 73, 75 (D.C.1993). The opposing affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible at trial, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e). "[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litiga-

---

1. This statement was simply that previously filed to comply with the requirements of Rule 26(b)(4) regarding discovery of expert witness testimony.

tion continues." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990). It has been said that statements by experts which are not made under oath are insufficient to defeat a motion for summary judgment. *Woodfolk v. Group Health Ass'n*, 644 A.2d 1367, 1369 (D.C.1994) (Terry, J., concurring). Similarly, "an attorney's affidavit that he intends to call an expert is not sufficient." *Imperial Veal & Lamb Co. v. Caravan Refrig. Cargo*, 554 F.Supp. 499, 501 (S.D.N.Y. 1982). Here, there is neither a statement from the expert himself, nor an affidavit from the attorney. Indeed, there is no categorical assurance from the proffer that Mr. diGrazia had yet come to the expected conclusion after reviewing the relevant facts, much less what those facts were or how they would be proven. *See Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790, 798 (5th Cir.1992) ("Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment.").

█ In any event, even had it taken the form of the expert's statement, we agree with the motions courts' view that the proffer was not sufficient to avoid summary judgment. Where an injury is caused by the intervening criminal act of a third party, this court has repeatedly held that liability depends upon "a more heightened showing of foreseeability" than would be required if the act were merely negligent. *Bailey v. District of Columbia*, 668 A.2d 817, 819 (D.C. 1995). In such a case, the plaintiff bears the burden of establishing that the criminal act "was so foreseeable that a duty arises to guard against it," *Clement, supra*, 634 A.2d at 427 (quoting *McKethean v. Washington Metro. Area Transit Auth.*, 588 A.2d 708, 717 (D.C.1991)). "Because of the extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown." *Id.*

Our opinions have made clear the demanding nature of the requirement of "precise" proof of a "heightened showing of foreseeability" in the context of an intervening criminal act involving the discharge of weapons.

*Bailey, supra*, 668 A.2d at 819. Most recently, in *Bailey*, plaintiff was shot at a cheerleading competition at Evans Junior High School as she was leaving the building. She offered the affidavits of witnesses who asserted that the area around the school was a "high drug area" and that shootings occurred in that neighborhood. We held that such a general proffer was insufficient. "Although the occurrence of shootings in, and in the vicinity of, the District's public schools is an unhappy reality, such 'generic information,' by itself, does not create a duty on the part of the District to protect against the use of firearms under the circumstances presented here." *Id.* at 820. We noted that plaintiff in that case had proffered no evidence of any shooting incidents, assaults, or other gun-related violence at any other event held at the school, or at any other cheerleading competition, and therefore was unable to survive a motion for summary judgment.

Similarly, in *Clement, supra*, 634 A.2d at 429, the only evidence presented with respect to a shooting's foreseeability was an expert's opinion based on police reports of criminal activity in the surrounding area. No evidence was introduced involved any gun-related incidents at the particular shopping mall in which the shooting occurred. Again, we held that a showing that the crime occurred in a "criminally active environment" was insufficient to establish foreseeability. *Id.*

In this case, as in *Bailey* and *Clement*, plaintiffs proffered no evidence of any prior gun-related violence at any other event held at the WCC or promoted by Spencer Promotions, nor any other specific evidence bearing directly on the foreseeability of the shooting incident at issue here. As the motions court pointed out, the proposed factual basis of the expert's opinion is substantially similar to that found insufficient in the cited cases. Indeed, as already mentioned, the proffer is totally lacking in specificity as to what these actual underlying facts might be or how they would be evidenced. *See* Rule 56(e) (party opposing summary judgment "must set forth *specific facts* showing that there is a genuine issue for trial."); *Lechuga, supra*, 949 F.2d at 798. In sum, on the record here, we must agree with the trial

court that the unsupported and nonspecific proffer made here was inadequate to survive summary judgment.

## II. Additional Discovery

■■■ Appellants contend, however, that notwithstanding the paucity of the proffer, summary judgment was improperly granted because the trial court abused its discretion in failing to compel additional discovery which might have yielded evidence showing the foreseeability of the shooting. However, appellants failed to notify the trial court that they deemed specific discovery responses inadequate until after summary judgment had already been granted for the District and Demarest—more than one year after the challenged responses had been produced. Moreover, appellants failed to file an affidavit pursuant to Super.Ct.Civ.R. 56(f) in opposition to the District's motion for summary judgment explaining how additional discovery would create a triable issue of fact.[2] While Rule 56(f) "affords protection against the premature or improvident grant of summary judgment," the nonmovant must comply by "filing an affidavit stating how discovery would enable him or her to effectively oppose the summary judgment motion." *McAllister v. District of Columbia*, 653 A.2d 849, 852 (D.C.1995). The filing of the affidavit "is required to preserve the Rule 56(f) contention that disposition of the motion should be delayed pending discovery and to avoid the premature grant of summary judgment." *Beegle v. Restaurant Mgmt.*, 679 A.2d 480, 487 n. 8 (D.C.1996). As a consequence, any objection to the District's discovery responses came too late.

■■■ With respect to Spencer Promotions and Newman, appellants did include objections to specific discovery responses in their motion opposing summary judgment and attendant motion to compel discovery. However, these motions failed to state how the discovery requested might lead to evidence which would create a triable issue of fact with respect to the foreseeability of the shooting.[3] And again, appellants failed to particularize their objection to the second motion for summary judgment with the required Rule 56(f) affidavit. Under these circumstances, we can perceive no abuse of discretion by the trial court in failing to grant further discovery before entry of the motions for summary judgment on the ground of absence of foreseeability or in denying reconsideration.

*Affirmed.*

■■■

2. Rule 56(f) provides:

*When affidavits are unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3. Appellants cited as inadequate only two discovery responses by Spencer Promotions:

REQUEST # 4. All accounts, invoices, financial and accounting reports and date [sic] generated by or on behalf of Spencer Promotions, Inc. and/or filed with governmental bodies relating or applicable to the boxing event at the Washington Convention Center on October 29, 1991.

RESPONSE: Objection, this request is beyond the scope of permissible discovery and could not possibly lead to the discovery of admissible evidence.

REQUEST# 10. A copy of all documents, manuals, policies, procedures, rules, and regulations relating to the management and operation of and/or security arrangements for boxing events organized by Spencer Promotions, Inc. in existence within six months of the incident alleged in the complaint.

RESPONSE: None.

It is not manifest from the face of these requests how additional discovery might lead to evidence bearing on the foreseeability of gun-related violence at the WCC.