KAREN LeCRAFT HENDERSON, Circuit Judge, concurring in part and dissenting in part.
While I concur in Part IV of the majority opinion affirming the district court’s grant of summary judgment to the defendants on Novak’s and Valdivia’s alternative claim of negligence arising from the Zei Club’s alleged failure to follow its security policy, I dissent from its holding reversing and remanding the district court’s grant of summary judgment to the defendants as set forth in Part III thereof — that is, even assuming the Zei Club put the public alley outside its exit to “special use,” the Zei Club is not liable for Novak’s and Valdi-via’s injuries because the attack on them was not foreseeable.
Tort law adheres to a “general rule of nonliability ... for harm resulting from the criminal acts of third parties.” Romero v. Nat’l Rifle Ass’n of Am., Inc., 749 F.2d 77, 81 (D.C.Cir.1984) (citing Kline v. 1500 Mass. Ave. Apartment Corp., 439 F.2d 477, 481 (D.C.Cir.1970); Hall v. Ford Enters., Ltd., 445 A.2d 610, 611 (D.C. 1982)). The District of Columbia Court of Appeals (D.C. Court of Appeals) has created an exception to this “general rule” if “the criminal act is so foreseeable that a duty arises to guard against it.” McKethean v. Wash. Metro. Area Transit Auth., 588 A.2d 708, 717 (D.C.1991). While its articulation of the exception is hardly self-defining, our review of the case law suggested to us that “the requirement that the defendant have been able to foresee that a third party would likely commit a criminal act ordinarily has, and perhaps must have, a relational component.” See Workman v. United Methodist Comm. on Relief of Gen. Bd. of Global Ministries of United Methodist Church, 320 F.3d 259, 263 (D.C.Cir.2003). We found that the D.C. Court of Appeals in fact tends to follow a “sliding scale” whereby “[i]f the relationship between the parties strongly suggests a duty of protection, then specific evidence of foreseeability is less important, whereas if the relationship is not of a type that entails a duty of protection, then the evidentiary hurdle is higher.” Id. at 264. *916 The duty imposed, therefore, is one of degree: the closer the relationship between the plaintiff and defendant — that is, the more control the defendant exercises over the plaintiff — the more exacting the defendant’s duty to provide for the plaintiffs well-being and, accordingly, the less necessary becomes “specific evidence of foreseeability.”[1] Id. At one end of the scale — requiring less foreseeability — is a custodial relationship such as between a school and a student, see District of Columbia v. Doe, 524 A.2d 30, 33 (D.C.1987), while, at the other end of the scale — requiring specific foreseeability — is no relationship between the parties.
Here, a relationship existed between the Zei Club and Novak and Valdivia — that of invitor and invitees. Although the majority identifies the relationship, see maj. op. at 913, it does not determine where on the sliding scale it falls. A close reading of D.C. case law suggests, I believe, that the invitor-invitee relationship falls somewhere closer to the “no relationship” end of the scale — requiring fairly specific evidence of foreseeability. In recent cases involving the invitor-invitee relationship, the D.C. Court of Appeals held that the criminal acts of third parties were not sufficiently foreseeable to impose a duty on the invitor to protect the invitee. Bailey v. District of Columbia, 668 A.2d 817 (D.C.1995), is instructive. In that case, Bailey was shot while exiting a cheerleading competition held at a D.C. junior high school. The defendant District moved for summary judgment and, in response, Bailey submitted affidavits of witnesses who testified that the neighborhood in which the school was located was a “high drug area” and that shootings and other violent crimes had taken place nearby. Id. at 820. The trial court granted the District summary judgment, concluding that
[t]he question is not whether defendant should have known that fights, or minor scuffles might erupt at this gathering of 500-600 people on school property in the absence of an adequate security presence, including at the least a police cruiser. Rather, the question is whether the District had a duty to guard against a reasonably foreseeable risk that a person attending the competition would decide to settle a dispute with another individual over an item of clothing by indiscriminately shooting at that person while in the midst of a crowd of spectators.
Id. at 819-20 (alteration in original) (quoting trial court order). The D.C. Court of Appeals expressly agreed with the trial court’s analysis of the foreseeability issue. It dismissed Bailey’s evidence as “generic information,” insufficient to establish the foreseeability of the particular type of violent crime at the particular location. Critically, the court observed that “there was no evidence of prior gun-related violence or assaults occurring at the school or at any of the many cheerleading competitions that had been held anywhere in the city.” Id. at 821.
More recently, in Potts v. District of Columbia, 697 A.2d 1249 (D.C.1997), the plaintiffs were shot while leaving the Washington Convention Center (WCC) after having attended a boxing match. They sued Spencer Promotions, the event’s organizer, and the District, the WCC’s owner. The D.C. Court of Appeals affirmed the trial court’s grant of summary judg *917 ment to the defendants because the “plaintiffs [had] proffered no evidence of any prior gun-related violence at any other event held at the WCC or promoted by Spencer Promotions, nor any other specific evidence bearing directly on the foreseeability of the shooting incident at issue here.” Id. at 1252.
I believe that the invitor-invitee relationship is akin to the employer-employee relationship and falls at about the same place on the “sliding scale.” The D.C. Court of Appeals requires fairly specific evidence of foreseeability in the employer-employee context. In Clement v. Peoples Drug Store, 634 A.2d 425 (D.C.1993), an employee’s widow sued the deceased’s employer after he was fatally shot in the employer’s parking lot. The plaintiff offered an expert witness who testified about criminal activity in the surrounding area. The court held that the plaintiff failed to show that the criminal act was foreseeable because “[n]o evidence was introduced involv[ing] any gun-related incidents at the particular shopping mall in which the shooting occurred.” Potts, 697 A.2d at 1252 (summarizing Clement’s holding).
Ignoring cases directly on point — that is, eases involving an invitor’s duty to protect an invitee from the criminal acts of third parties — the majority finds that the relationship between the Zei Club and Novak and Valdivia frees the two plaintiffs from having to produce “specific evidence” that the criminal act was “particularly foreseeable.” Workman, 320 F.3d at 262-63; see maj. op. at 913-14. But the D.C. Court of Appeals has recently observed that “Potts, Bailey, and Clement ... demonstrate the tight boundaries — requiring precise proof of a heightened showing of foreseeability.” District of Columbia v. Beretta, U.S.A., Corp., 872 A.2d 633, 643 (D.C.2005) (internal quotation marks and citations omitted). The three cases manifest that, when suing an invitor, the invitee must show that the particular type of criminal act at the particular location was foreseeable. See Potts, 697 A.2d at 1252 (“In this case, as in Bailey and Clement, plaintiffs proffered no evidence of any prior gun-related violence at any other event held at the WCC or promoted by Spencer Promotions.” (emphasis added)); Clement, 634 A.2d at 429 (“For example, only one offense, a robbery at a nearby Giant supermarket, involved a firearm and no homicides had been reported.” (emphasis added)); Bailey, 668 A.2d at 820 (“Bailey proffered no evidence of any shooting incidents, assaults, or other gun-related violence at any Department cheerleading competition or any other Department event held at Evans Junior High School” (emphasis added)). Novak and Valdivia have failed to make this showing. Police reports from the 15 months preceding Novak’s and Valdivia’s injuries show only three incidents occurring at the Zei Club: two incidents involving fights between patrons inside the club and a third incident just outside the doorway involving an employee of the club. See Novak v. Capital Mgmt. & Dev. Corp., No, 01-cv-39, slip op. at 6 (D.D.C. July 12, 2004). Similarly, the Zei Club’s internal records show no fights occurring in either the I Street alley or the Zei Street alley. Appellants’ Br. 15; Appellees’ Br. 15. Viewing the evidence in the light most favorable to them, as we must at the summary judgment stage, see Crawford v. Signet Bank, 179 F.3d 926, 928 (D.C.Cir.1999), Novak and Valdivia have shown only that altercations occurred in either of the two alleys as often as twice each month and that they ranged from “pushing to fist fights.” See maj. op. at 904 (describing alleys’ location). All they have shown,however, is that “fights, or minor scuffles might erupt” in the I Street alley. Bailey, 668 A.2d at 819. Fisticuffs is not what occurred here. In Novak’s and Valdivia’s own words, they were the victims of a *918 “vicious and deadly assault by which [the perpetrators] sought to kill and/or seriously injure [them].” Compl. ¶ 42. In short, the perpetrators lay in wait for them intending to commit mayhem[2] — a criminal act that was wholly unforeseeable.[3] Because they have failed to establish an essential element of their claim, see Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that is, “the criminal act is so foreseeable that a duty arises to guard against it,” McKethe-an, 588 A.2d at 717 (internal quotation marks and citation omitted), I would affirm the district court’s grant of summary judgment to the defendants. Accordingly, I respectfully dissent from the reversal and remand of the district court’s grant of summary judgment to the defendants as set forth in Part III of the majority opinion.

. The sliding scale makes sense if one views foreseeability as an aspect of the duly prong of the prima facie negligence case as the D.C. Court of Appeals does. See McKethean, 588 A.2d at 717. But see Restatement (Third) of Torts § 40 cmt. K ("However, consistent with its treatment throughout this Restatement, this subsection rejects the requirement of knowledge (or foreseeability) of the danger as an aspect of the duty.").

. As the majority notes, see maj. op. at 905, the injuries Novak and Valdivia sustained manifest that their attackers committed mayhem, regardless what crime they were charged with. The D.C. Court of Appeals has held that "essential elements of the crime of mayhem are: (1) that the defendant caused permanent disabling injury to another; (2) that he had the general intent to do the injurious act; and (3) that he did so willfully and maliciously.” Peoples v. United States, 640 A.2d 1047, 1054 (D.C.1994) (internal quotations and citations omitted).

. The majority claims I imply that pushing/fisticuffs is "noncriminal.” Maj. op. at 914 n. 11. Not so. Certain crimes — e.g., attempted murder (which is what Novak and Valdivia allege their attackers committed, see Compl. ¶ 42) — are simply more egregious than others — e.g., simple assault (that is, fisticuffs/pushing). The majority also characterizes my dissent as concluding that fisticuffs may have been foreseeable but "really beating” someone was not. Maj. op. at 914 n. 11 (emphasis omitted). If the majority equates “really beating” with attempted murder, then, yes, I believe fisticuffs may have been foreseeable but attempted murder ("really beating” with the intent to kill) was not. Just as an occasional pickpocket does not, under District of Columbia precedent, make foreseeable an armed robbery, an occasional drunken shoving match does not make attempted murder foreseeable.