Shannon M. DAY, A Minor, by Her Mother and Next Friend, Beverly OSTBY; and Beverly Ostby, Appellants,

v.

Judith K. McILRATH and Virgil E. Hunemiller, Appellees.

No. 90–0674.

Supreme Court of Iowa.

May 15, 1991.

Richard R. Morris and John W. Rathert of Beecher, Rathert, Field, Fister, Walker & Morris, Waterloo, for appellants.

Gene Yagla and John A. Stitely of Lindeman & Yagla, Waterloo, for appellee McIlrath.

Timothy W. Hamann of Clark, Butler, Walsh & McGivern, Waterloo, for appellee Hunemiller.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

A car driven by Judith McIlrath and one driven by Virgil Hunemiller collided. McIlrath's passenger Shannon Day, a minor, suffered injuries in the accident. Shannon Day and her mother Beverly Ostby later

filed the present lawsuit against both McIlrath and Hunemiller.

During the discovery portions of this litigation, the defendant McIlrath propounded an interrogatory under Iowa Rule of Civil Procedure 125, relating to discovery of experts. This interrogatory asked the plaintiffs to identify all expert witnesses to be called at trial and to state each expert's subject matter of testimony, qualifications, opinions and mental impressions. The plaintiffs objected to this interrogatory insofar as it applied to Shannon Day's treating physicians. The plaintiffs took the position that the testimony of a treating physician is not discoverable under rule 125 because the treating physician's mental impressions and opinions were not "acquired or developed in anticipation of litigation or for trial."

The district court rejected the plaintiffs' argument and entered an order directing the plaintiffs to answer the interrogatories with regard to treating physicians, as well as other experts. The district court provided, however, that the treating physicians would not be required to sign the answers to interrogatories; Iowa Rule of Civil Procedure 125 ordinarily imposes a signature requirement on a retained expert.

The plaintiffs sought and received permission for the present interlocutory appeal to challenge the district court's order.

Iowa Rule of Civil Procedure 125 provides in relevant part as follows:

[D]iscovery of facts known, mental impressions, and opinions held by an expert whom the other party expects to call as a witness at trial, otherwise discoverable under the provisions of R.C.P. 122"a" and *acquired or developed in anticipation of litigation or for trial* may be obtained [in a specified manner].

....

Nothing in this rule shall be construed to preclude a witness from testifying as to (1) knowledge of the facts obtained by the witness prior to being retained as an expert or (2) mental impressions or opinions formed by the witness which are based on such knowledge.

(Emphasis added.)

■ The question raised here is whether the factual knowledge, mental impressions and opinions of a treating physician were "acquired or developed in anticipation of litigation or for trial," thereby requiring rule 125 disclosure with regard to a treating physician. We answer this question in the negative. A treating physician ordinarily learns facts in a case, and forms mental impressions or opinions, substantially before he or she is retained as an expert witness, and often before the parties themselves anticipate litigation. We believe a treating physician ordinarily focuses, while treating a patient, on purely medical questions rather than on the sorts of partially legal questions (such as causation or percentage of disability) which may become paramount in the context of a lawsuit. In sum, we do not believe that a treating physician's factual knowledge, mental impressions and opinions stand on precisely the same footing, especially in the early stages of litigation, as those of the retained expert contemplated by rule 125. Therefore we believe it would be inappropriate to employ all the disclosure procedures of rule 125, including especially the requirement of the expert's signature, to the factual knowledge, mental impressions and opinions of a treating physician.

■ We are not unmindful of the concerns raised by the defendants in this case. The absence of interrogatory material could, in certain situations, make it more difficult to depose a treating physician. However, we note that a party remains under a duty to supplement discovery as to experts throughout the pretrial stages of litigation. Iowa R.Civ.P. 125(c). When a treating physician assumes a role in litigation analogous to the role of a retained expert, supplemental discovery under rule 125(c) could become obligatory.

The district court's order requiring discovery of the treating physician under Iowa Rule of Civil Procedure 125 is reversed. The case is remanded to the dis-

trict court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.