Robin R. MORRIS–ROSDAIL and Robin R. Morris–rosdail, as Mother and Next Friend of Amy Rosdail, Plaintiffs–Appellants,

v.

Julie Kay SCHECHINGER and Carroll Community School District, Defendants–Appellees.

No. 96–1905.

Court of Appeals of Iowa.

Jan. 28, 1998.

Alfredo Parrish and Robert P. Montgomery of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for plaintiffs–appellants.

Corwin Ritchie, Storm Lake, for defendants–appellees.

Heard by CADY, C.J., and SACKETT, and HUITINK, JJ.

CADY, Chief Judge.

Robin Morris–Rosdail, on behalf of her minor daughter, Amy Rosdail, appeals a district court order made during the course of a trial. The order precluded two medical doctors called as witnesses by Amy from presenting evidence on the issues of the permanent impairment resulting from her injuries and the need for future surgery. We reverse and remand for a new trial on damages.

Amy was a passenger in a vehicle involved in a collision with a school bus on February 23, 1993. Amy injured her lower back. The bus was owned by the Carroll Community School District.

Amy initially sought treatment for her injuries from a chiropractor. These treat-

ments were not successful and she was examined by Jerome G. Bashara, M.D., on May 27, 1994. Dr. Bashara opined Amy suffered from spondylolisthesis caused from the collision on February 23, 1993. He referred Amy to Lynn Lindaman, M.D., a pediatric orthopedic surgeon.

Dr. Lindaman initially treated Amy with medication and physical therapy. Amy was told, however, surgery may be necessary if the conservative treatment was unsuccessful.

Amy initiated a personal injury action against the bus driver and the school district on February 20, 1995. On August 29, 1995, in response to interrogatories by the school district to identify experts pursuant to Iowa Rule of Civil Procedure 125(a)(1), Amy identified Dr. Bashara and Dr. Lindaman as two of the experts who would testify at trial. No opinions or other information, however, were disclosed. A patient's waiver was executed and the school district was permitted to obtain all medical records.

A pretrial conference was conducted on October 30, 1995. A discovery deadline of July 1, 1996, was established and trial was set for August 13, 1996.

On July 2, 1996, Dr. Lindaman performed back fusion surgery on Amy. Dr. Lindaman had recommended the surgery be performed the preceding year, but Amy delayed until her school year was completed.

On August 12, 1996, the school district moved to continue the trial based on the recent surgery. It also sought to exclude the expected trial testimony of Dr. Bashara and Dr. Lindaman concerning any permanent impairment and future surgery for Amy as a sanction against her for failing to disclose the opinions of Dr. Bashara and Dr. Lindaman in response to the earlier interrogatories.

The district court denied the motion for continuance of trial, but granted the motion to exclude Dr. Bashara and Dr. Lindaman from testifying about any permanent impairment to Amy or the need for future surgery. The district court concluded Amy failed to disclose the doctors' testimony in response to the interrogatory request.

In a video deposition presented to the jury, Dr. Bashara testified Amy would have a permanent impairment rating between nine and twelve percent, and additional surgery would likely be necessary in the future. However, pursuant to the district court exclusionary order, the jury was not permitted to hear this portion of the deposition.

The jury returned a verdict for Amy of $50,000, but awarded her no damages for future pain and suffering and loss of future earning capacity. Amy appeals. She argues the district court abused its discretion in excluding the testimony because Dr. Bashara and Dr. Lindaman were treating physicians and she had no obligation to disclose their opinions.

## I. Standard of Review.

We apply an abuse of discretion standard to review a ruling by the trial court to exclude testimony under rule 125. *Hantsbarger v. Coffin*, 501 N.W.2d 501, 505 (Iowa 1993). We will reverse when the ruling rests on grounds or for reasons clearly untenable or unreasonable. *Shook v. City of Davenport*, 497 N.W.2d 883, 885 (Iowa 1993). A ruling based on an erroneous interpretation of a rule can constitute an abuse of discretion. *Id.* An abuse of discretion also exists in the imposition of discovery sanctions where no substantial evidence exists to support the ruling. *Wagner v. Miller*, 555 N.W.2d 246, 249 (Iowa App.1996).

## II. Exclusion of Expert Testimony.

A party is permitted to discover the facts and opinions held by an expert whom the opposing party expects to call as a witness at trial when those facts and opinions are within the scope of discovery and were acquired or developed in anticipation of litigation or for trial. Iowa R. Civ. P. 125(a). The discovery of these facts and opinions is accomplished by submitting interrogatories requesting the information. *Id.* If a party fails to disclose the facts and opinions in response to an appropriate inquiry, the trial court may impose appropriate sanctions, including limiting or excluding the testimony of the expert. Iowa R. Civ. P. 125(c).

It is important to recognize our rule governing the discovery of experts distinguishes between facts and opinions of ex-

perts which were derived prior to being retained as an expert and those acquired or developed in anticipation of litigation or for trial. *See* Iowa R. Civ. P. 125(a). Only those opinions and facts acquired by an expert in anticipation of litigation or for trial are subject to discovery under our rule. *Id.* The rule does not preclude an expert from testifying to facts and opinions derived prior to being retained as an expert. *Id.* Thus, the testimony of a treating physician is generally not subject to the discovery procedures of rule 125. *Day v. McIlrath,* 469 N.W.2d 676, 677 (Iowa 1991).

■ Before determining the appropriateness of sanctions in a personal injury action for nondisclosure under rule 125, it is necessary to examine the threshold question whether the facts and opinions were formulated by a physician in treating a patient or whether they were formulated by a physician for purposes of the issues in pending or anticipated litigation. *See Carson v. Webb,* 486 N.W.2d 278, 281 (Iowa 1992). It would be an abuse of discretion to exclude or limit the testimony of a treating physician as a nondisclosure sanction under rule 125. *See Day,* 469 N.W.2d at 677.

In this case, the trial court made no specific finding that the facts and opinions of Dr. Bashara or Dr. Lindaman were acquired or developed in anticipation of litigation or for trial. Nevertheless, we deem this finding was made because it was predicate to the imposition of rule 125, and we review to determine whether sufficient evidence exists to support such a finding. *See Bahnsen v. Rabe,* 276 N.W.2d 413, 414 (Iowa 1979).

■ Although the disclosure requirements of rule 125 are generally limited to physicians retained for purposes of litigation and exclude treating physicians, the application of the rule does not necessarily depend on the label or role of the physician. Instead, it hinges on the reason and time frame in which the underlying facts and opinions were acquired by the physician. Thus, even treating physicians may come within the parameters of rule 125 when they begin to assume a role in the litigation analogous to that of a retained expert. *Day,* 469 N.W.2d at 677. This generally occurs when a treating physi-

cian begins to focus less on the medical questions associated in treating the patient and more on the legal questions which surface in the context of a lawsuit. *Id.*

■ In this case, Dr. Bashara examined Amy on one occasion nine months before the lawsuit was commenced. He was clearly a treating physician at that point in time. There was no evidence developed in the record to support a finding his opinions were subsequently acquired or developed in anticipation of trial.

■ Additionally, Dr. Lindaman was an active treating physician at the time of trial. He performed surgery on Amy less than six weeks before trial. Absent evidence to the contrary, it is reasonable to presume the focus of his inquiry and opinions about his patient were medical. Furthermore, it would be usual medical care for a doctor to express opinions to a patient concerning the permanent impairment resulting from a particular surgery, as well as the need for future surgeries, before performing the surgery. *Moser v. Stallings,* 387 N.W.2d 599, 602 (Iowa 1986) (stating duty to disclose material information to patient for purpose of decision to consent to procedure exists). As with Dr. Bashara, there was no evidence to support a finding that the excluded facts and opinions of Dr. Lindaman were acquired or developed for trial.

We have considered all the arguments raised by the school district. We conclude the district court abused its discretion by excluding the testimony of Dr. Bashara and Dr. Lindaman. There was a lack of substantial evidence to support a finding the excluded opinions were within the scope of rule 125. Consequently, rule 125 did not authorize the trial court to impose sanctions for nondisclosure. We further conclude prejudice resulted and a new trial on the issue of damages is required.

**REVERSED AND REMANDED FOR NEW TRIAL ON DAMAGES.**

HUITINK, J., concurs.

SACKETT, J., specially concurs without opinion.