# IN THE COURT OF APPEALS OF IOWA

No. 19-2038
Filed November 4, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JACOB SCOTT DUHRKOPF,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Jacob Duhrkopf appeals his conviction of third-degree burglary claiming the trial court erred by striking a potential juror for cause. **AFFIRMED.**

Dylan J. Thomas, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

Jacob Duhrkopf appeals from his conviction for third-degree burglary. Duhrkopf claims it was wrong for the district court to strike a potential juror for cause. But we conclude the trial court did not abuse its discretion. Also, Duhrkopf has not shown prejudice. So we affirm.

## I. Summary of Facts

Duhrkopf was charged with third-degree burglary. At the beginning of jury selection, a question arose as to whether juror twenty-eight had a felony conviction, which would disqualify him from service as a juror. *See* Iowa R. Crim. P. 2.18(5)(a) (allowing a challenge for cause based on "[a] previous conviction of the juror of a felony"). The court and counsel questioned juror twenty-eight individually. Here are the relevant portions of the transcript:

> THE COURT: Then we'll proceed to the voir dire. Before we just—the court did note that one of the prospective jurors, I believe it was the number twenty-eight in—the second to the last one called. I believe he had an assault with a weapon.
> PROSECUTOR: Right.
> THE COURT: Do we want to check and see if that's a felony charge before we proceed or not?
> PROSECUTOR: It would be a good idea.
> THE COURT: [Defense counsel], any objection to that?
> DEFENSE COUNSEL: No objection to that.
> (Juror twenty-eight is present in the jury room.)
> THE COURT: Please have a seat. Juror number twenty-eight, we asked you to come back because in looking at your questionnaire I noted that you—that you had a conviction of an assault with a deadly weapon; is that correct?
> JUROR TWENTY-EIGHT: That's correct.
> THE COURT: Was that here in Iowa?
> JUROR TWENTY-EIGHT: That's correct.
> THE COURT: Do you know what level of an offense that was?
> JUROR TWENTY-EIGHT: I don't.
> THE COURT: Do you recall what type of sentence you received for that?
> JUROR TWENTY-EIGHT: Two years suspended sentence.

THE COURT: Two-year sentence so—

JUROR TWENTY-EIGHT: Suspended.

THE COURT: Okay. So that would make it probably an aggravated misdemeanor. How long ago was that?

JUROR TWENTY-EIGHT: Fourteen years ago.

THE COURT: Okay. **Anything about that that would make it difficult for you to be a juror in this case?**

JUROR TWENTY-EIGHT: **Yes.**

THE COURT: And want to explain that?

JUROR TWENTY-EIGHT: I was wrongly convicted of a crime that I didn't commit in this courtroom.

THE COURT: Okay. And how would that make it difficult for you to be a juror in this case?

JUROR TWENTY-EIGHT: I have a negative view of this court.

THE COURT: Okay. Do you understand that this case is different from yours and could you make your decision based upon the evidence that you heard in this case, or do you come in with a decision already that this defendant is guilty or not guilty?

JUROR TWENTY-EIGHT: I have no preconceived ideas of the defendant, but **I do have preconceived of the district attorney.**

THE COURT: Do you know this particular county attorney or is it a different county attorney?

JUROR TWENTY-EIGHT: Not personally, no.

THE COURT: Has to do with his office, is that what you're saying?

JUROR TWENTY-EIGHT: Yes.

THE COURT: Can you—would that make it—would you listen to the evidence in this case and make a decision on the evidence that you heard, or would you make your decision on this preconceived—

JUROR TWENTY-EIGHT: **I would have a hard time giving fair judgment over a case like this** with a district attorney and a regular person.

THE COURT: Was your conviction here in Black Hawk County?

JUROR TWENTY-EIGHT: Correct.

THE COURT: [Prosecutor], any questions?

PROSECUTOR: If we presented evidence in this case, and you listened to all the evidence and you believe that the state had proven its case to find the defendant guilty, would you render a verdict of guilty? JUROR TWENTY-EIGHT: Would I have a choice?

PROSECUTOR: Well, it takes a unanimous group of twelve people to convict somebody and the jurors vote either guilty or not guilty. Would you vote guilty in that situation? JUROR TWENTY-EIGHT: If the evidence convicted me, I suppose I would—or convinced me, not convicted. Excuse my words.

PROSECUTOR: Okay. Are you going to be holding the State to a higher burden than—than what the law requires? The law requires that the State be held to a burden of beyond a reasonable doubt. It is not beyond all doubt, not beyond any possible doubt, but beyond a reasonable doubt. Are you going to hold the State to a higher burden than that? JUROR TWENTY-EIGHT: No.

PROSECUTOR: Okay. **Is the State at any type of disadvantage if you were a juror in this case?** JUROR TWENTY-EIGHT: **I would say so.**

PROSECUTOR: **And can you explain how the State is at a disadvantage?** JUROR TWENTY-EIGHT: **It is hard for me not to hold a grudge**, that I'm currently a part of and on probation.

PROSECUTOR: You're currently on probation? JUROR TWENTY-EIGHT: Currently on probation, yes.

PROSECUTOR: Okay. The conviction that we discussed was from fourteen years ago; is that correct? JUROR TWENTY-EIGHT: Uh-huh.

PROSECUTOR: Yes? JUROR TWENTY-EIGHT: Yes.

PROSECUTOR: And have you had other convictions then? JUROR TWENTY-EIGHT: Several.

PROSECUTOR: Okay. Can you tell us what other convictions you've had? JUROR TWENTY-EIGHT: The most recent is the criminal mischief charge which I'm on probation for right now. They should have all been on the questionnaire, or at least two or three of them.

PROSECUTOR: The only thing that we have listed on the questionnaire that we received was the assault with a deadly weapon. Do you have—you're currently on probation for criminal mischief? JUROR TWENTY-EIGHT: Correct.

PROSECUTOR: What level of offense was that? JUROR TWENTY-EIGHT: I'm not sure.

PROSECUTOR: Do you know if you've been convicted of any felony offenses? JUROR TWENTY-EIGHT: No. Not that I'm aware of.

PROSECUTOR: Have you ever been sentenced to a five-year sentence or more? JUROR TWENTY-EIGHT: No.

PROSECUTOR: And have you ever been sentenced to a prison term? JUROR TWENTY-EIGHT: Two years suspended sentence.

PROSECUTOR: Okay. I guess, can you give me an idea of the other convictions that you have? JUROR TWENTY-EIGHT: Disorderly conduct, criminal mischief; things like that.

PROSECUTOR: Last one? JUROR TWENTY-EIGHT: Criminal mischief, disorderly conduct.

PROSECUTOR: Okay. I have no further questions.

THE COURT: [Defense counsel], questions?

5

DEFENSE COUNSEL: Yes, just briefly. You stated that the State would be at a disadvantage by having you serve on the jury, but you also said that if the evidence convinced you beyond a reasonable doubt, you could still find the defendant guilty; is that correct? JUROR TWENTY-EIGHT: Correct.

DEFENSE COUNSEL: **So do you think** despite the feelings that you may have for the county attorney's office and currently being on probation, **you can still render a fair and impartial verdict?** JUROR TWENTY-EIGHT: **I can't say honestly that I would.**

DEFENSE COUNSEL: Would you at least listen to the evidence that's presented in a fair and impartial way? JUROR TWENTY-EIGHT: Yes.

DEFENSE COUNSEL: As far as the defendant is concerned, you don't have any preconceived notions of his guilt or innocen[ce]? JUROR TWENTY-EIGHT: Negative.

DEFENSE COUNSEL: No further questions.

THE COURT: [Prosecutor], anything further?

PROSECUTOR: **Do you believe that you could be a fair and impartial juror?** JUROR TWENTY-EIGHT: **No.**

PROSECUTOR: I have no further questions.

THE COURT: [Defense counsel]?

DEFENSE COUNSEL: Nothing further.

THE COURT: You can go back and have a seat in the jury. Thank you, sir. [Prosecutor]?

PROSECUTOR: We will ask to strike juror number twenty-eight. Although his answers were somewhat equivocal and he was very indefinite, on final question said that he could not be a fair and impartial juror.

THE COURT: [Defense counsel]?

DEFENSE COUNSEL: I do agree with [prosecutor] in that he kind of gave flip-flopping answers, but I think ultimately he did say if convinced beyond a reasonable doubt, he could still find the defendant guilty so I think that shows that he has the potential to sit and listen to the evidence and render a fair verdict.

THE COURT: [Prosecutor]?

PROSECUTOR: Nothing further.

THE COURT: Well, the court has concerns. He stated that the State is at a disadvantage. Although he said that he could—he would listen to the evidence and could find a guilty verdict, he also said that he could not be fair and impartial. The court also has concerns that at this time he is presently on probation which would give him, again, somewhat of a slanted view of where we are. The court is going to allow the strike for cause and remove the juror.

(Emphasis added.)

After the court excused juror twenty-eight, another potential juror replaced him. Eventually, the court empaneled a jury. The jury found Duhrkopf guilty. Duhrkopf appeals.

## II. Discussion

Duhrkopf argues that, by excusing juror twenty-eight, the district court "violate[d] Iowa Rule of Criminal Procedure 2.18(5)(k)" or, alternatively, "both the federal and state constitutional guarantees of due process and a fair trial." We start with his constitutional arguments.

### A. Constitutional Argument

Before addressing the merits, we consider error preservation. *Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). An issue is not preserved for appellate review unless it was raised and decided at trial. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). This rule "applies with equal strength to constitutional issues." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

In his brief, Duhrkopf does not contend he raised any constitutional arguments during trial.[1] And we have found none in the record. So we conclude

---

[1] Iowa Rule of Appellate Procedure 6.903(2)(g)(1) states,
> The argument section shall be structured so that each issue raised on appeal is addressed in a separately numbered division. Each division shall include . . . [a] statement *addressing how the issue was*

Duhrkopf did not preserve error as to his constitutional issues. And we turn our attention to his arguments about the Iowa Rules of Criminal Procedure.

### B. Rules Argument

Duhrkopf contends the district court abused its discretion by striking juror twenty-eight for cause under Iowa Rule of Criminal Procedure 2.18(5)(k). Duhrkopf argues that, because the juror stated he didn't have any preconceived ideas of Duhrkopf's guilt or innocence, the rule did not authorize a strike for cause.

We review rulings on motions to strike potential jurors for cause for an abuse of discretion. *State v. Jonas*, 904 N.W.2d 566, 570–71 (Iowa 2017). "The district court is vested with broad discretion in such rulings." *Id.* at 571. "A ruling based on an erroneous interpretation of a rule can constitute an abuse of discretion." *Morris-Rosdail v. Schechinger*, 576 N.W.2d 609, 611 (Iowa Ct. App. 1998).

Like all of our procedural rules, rule 2.18(5)(k) has the force and effect of law. *See State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012). We interpret rules as we do statutes. *Id.* So we look for the meaning of rule 2.18(5)(k) in its words. *See, e.g.*, *State v. Trujillo*, No. 19-0686, 2020 WL 4499559, at *4 (Iowa Ct. App. Aug. 5, 2020) (noting "we must find the meaning of [Iowa Code] section 724.16A(1) 'in the "text of the statute," the "words chosen by the legislature"'") (citation omitted)).

Rule 2.18(5)(k) states:

> A challenge for cause may be made by the state or defendant, and must distinctly specify the facts constituting the causes thereof. It may be made for any of the following causes:

---

*preserved for appellate review, with references to the places in the record where the issue was raised and decided.*
(Emphasis added.)

. . . .

      Having formed or expressed such *an opinion as to the guilt or innocence of the defendant* as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial.

(Emphasis added.)

This text lends some support to Duhrkopf's argument. By its plain terms, rule 2.18(5)(k) permits a challenge for cause when a juror has formed or expressed "an opinion as to the guilt or innocence of the defendant." Juror twenty-eight had no opinion at all about the defendant. Rather, his negative opinions concerned the court and, even more so, the county attorney's office.

As an intermediate appellate court, though, we must follow the precedents of the Iowa Supreme Court. *In re Estate of O'Banion*, No. 19-0485, 2020 WL 567271, at *1 (Iowa Ct. App. Feb. 5, 2020). The Iowa Supreme Court has said the test under this rule[2] is "whether the juror holds such a fixed opinion on the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant." *Neuendorf*, 509 N.W.2d at 746 (citation omitted). Applying this standard, we do not believe the district court abused its broad discretion. Juror twenty-eight was frank about his negative views toward the county attorney. He said he "would have a hard time giving fair judgment over a case like this" because the county attorney was involved. And he said the State was at a disadvantage because he holds "a grudge" from his own prosecutions. When asked directly if he could render a fair and impartial verdict, he said he did not believe so. And when asked directly if he could be a fair and impartial juror, he answered no.

---

[2] *State v. Neuendorf* actually refers to rule "17(5)(k)," a previous numbering of rule 2.18(5)(k). 509 N.W.2d 743, 746 (Iowa 1993). The text has not changed except that the older rule referred to "the prisoner" instead of "the defendant."

Yet his answers were not always consistent. At one point, he agreed he would listen to the evidence "in a fair and impartial way." And, despite his preconceived notions, he left open the possibility that he could be convinced to vote for conviction.

Even so, the juror's explicit admissions of bias and impartiality provided ample grounds to strike for cause. *See Jonas*, 904 N.W.2d at 571 ("Under the actual-bias cases, a later affirmative response to a 'magic question' using the words fair and impartial is not enough to rehabilitate the potential juror."). Moreover, even if the court erred in striking the juror, this alone would not justify reversal. "Prejudice from the erroneous exclusion of a juror will not be presumed." *Summy v. City of Des Moines*, 708 N.W.2d 333, 339 (Iowa 2006), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016). "Rather, *the defendant must show* the court's actions resulted in the seating of a partial juror." *State v. Morrow*, No. 14-2126, 2016 WL 3003355, at *3 (Iowa Ct. App. May 25, 2016) (emphasis added). Duhrkopf has not made this showing. So his appeal fails.

**AFFIRMED.**